IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KORY MAZUR, on behalf of himself and all others similarly situated,<br><br>           **Plaintiff,**<br><br>V.<br><br>NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC, THOMAS C. UNDERWOOD, and MARK KOTTKE,<br><br>           **Defendants.** | 8:14CV84<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Plaintiff's Unopposed Motion for Certification of Settlement Class and for Preliminary Approval of Settlement and Notice to Class (filing 27). For the reasons explained below, the motion should be granted.

## BACKGROUND

Plaintiff commenced this action on March 14, 2014, alleging that Defendants National Account Systems of Omaha, LLC ("NAS") and Thomas Underwood ("Underwood") failed to comply with the Fair Debt Collection Practices Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"). (Filing 1.) The Complaint alleged that NAS and Underwood violated the FDCPA and NCPA by commencing collection lawsuits in Nebraska in a county other than where the consumer resided or entered into the underlying contract, and because Defendants sought attorneys' fees in connection with claims relating to residential leases in a manner contrary to Nebraska law. (*Id*.) Plaintiff subsequently filed an Amended

Complaint, adding Mark Kottke ("Kottke") as a defendant.  (Filing 10.)

The parties have reached a class-wide settlement agreement.  Plaintiff now seeks an order (1) preliminarily approving the settlement of this class action; (2) approving the form and method for providing class-wide notice; and (3) setting a final approval hearing.

## DISCUSSION

Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").  Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual suits.  Paxton v. Union Nat. Bank, 688 F.2d 552, 559 (8th Cir. 1982).  "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an issue that is central to the validity of each class member's claims."  Henggeler v. Brumbaugh & Quandahl P.C., LLO, No. 8:11CV334, 2013 WL 5881422, *2 (D. Neb. Oct. 25, 2013) (internal quotations omitted).  The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff."  Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted).  The adequacy of representation element concerns "whether the class representatives have common interests with the members of the class and whether they and their counsel will

competently and vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Fed. R. Civ. P. 23(b). Plaintiff seeks certification pursuant to Rule 23(b)(3) which provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23. The matters pertinent to Rule 23(b)(3) include (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. *Id*.

The undersigned finds, preliminarily and for purposes of this settlement only, that the requirements of Rule 23 have been met and the two proposed classes agreed upon by the parties should be certified.  The proposed classes are as follows:

> Class 1 is:  (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past 4 years from commencement of this class action (March 14, 2010) through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) in a county other than where the person resided or signed the contract sued upon.

> Class 2 is: (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past 4 years from commencement of this class action (March 14, 2010 through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) based on a Nebraska residential lease; (iv) which lawsuit sought the collection of attorney fees from the consumer.

(Filing 29-1.)

In this case, the parties agree that numerosity is established. The parties represent that the approximate size of the two classes will be 1,100 members. Given the number of individuals likely impacted by Defendants' alleged conduct, it would be inconvenient and wasteful to try each case separately. Commonality is also satisfied because the main legal and factual issues surrounding Defendants' alleged course of conduct is common for all class members. Typicality is present because class members would have similar grievances as the named Plaintiff and class members' claims would likely be based on the same legal theory advanced by Plaintiff. Finally, the adequacy of representation requirement has been met because there is no conflict of interest between Plaintiff and the class members. Plaintiff's common interests with the members of the class ensure that the class will be fairly and adequately protected.

The Rule 23(b)(3) requirements are likewise satisfied. Common questions predominate over any questions affecting only individual members. Also, certifying the classes for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotation and citation omitted). A class action is superior to other methods of fairly adjudicating the controversy.

Further, the proposed form and manner of notice satisfies Fed. R. Civ. P. 23 and provides "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp as follows:

1. Plaintiff's Unopposed Motion for Certification of Settlement Class and for Preliminary Approval of Settlement and Notice to Class (filing 27) be granted;

2. The proposed order, submitted on behalf of the parties (filing 29-2), be adopted and, pursuant to Fed. R. Civ. P. 23(g), Pamela A. Car, William L. Reinbrecht and O. Randolph Bragg be appointed as settlement class counsel; and

3. The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable, and adequate.[1]

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED August 19, 2014.**

                              **BY THE COURT:**

                              S/ F.A. Gossett
                              **United States Magistrate Judge**

---

[1] The parties request that the Court set this matter for a final fairness hearing no earlier than December 1, 2014, to allow time for distribution of the class notice, and for class members to respond by submitting objections, requests for exclusion, and claims.