## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KORY MAZUR, on behalf of himself and all others similarly situated;** | **CASE NO. 8:14CV84** |
| **Plaintiff,** | |
| **vs.** | **MEMORANDUM AND ORDER** |
| **NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC, THOMAS C. UNDERWOOD, and MARK KOTTKE,** | |
| **Defendants.** | |

This matter is before the Court on the Findings and Recommendations ("F&R") (Filing No. 31) issued by Magistrate Judge F.A. Gossett recommending that the Plaintiff's Unopposed Motion for Certification of Settlement Class and Approval of Settlement and Notice to Class (Filing No. 27) be granted.  For the reasons stated below, the F&R will be adopted, and the Plaintiff's Motion will be granted.

Plaintiff's motion for preliminary approval of the proposed class action settlement ("Proposed Settlement") of the above-described action set forth in a Settlement Agreement dated July 29, 2014, ("Agreement") is made pursuant to Federal Rule of Civil Procedure 23.  All capitalized terms in this Order have the meanings given to them in the Agreement.

Plaintiff Kory Mazur was represented by counsel Pamela Car and William Reinbrecht of Car & Reinbrecht, and O. Randolph Bragg of Horwitz, Horwitz & Associates, collectively "Plaintiff's Counsel".  Defendants National Account Systems of Omaha, LLC ("NAS"), and Mark Kottke were represented by counsel Michael A. Klutho

and Christopher R. Morris of Bassford Remele P.A.  Defendant Thomas Underwood appeared *pro se*.

The Court has considered the arguments of counsel; reviewed the Agreement, its exhibits, and other submissions of the parties; considered all of the files, records, and pleadings in the Action; and been fully advised in the premises.  Accordingly, the Court issues the following findings and directives.

IT IS ORDERED:

1.    The agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement (Filing No. 29-1) and the Exhibits (Filing Nos. 29, 30), are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2.    For purposes of the Proposed Settlement only, the Court hereby certifies Plaintiff's classes as Class 1 and Class 2, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:

Class 1 is: (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past 4 years from commencement of this class action (March 14, 2010, through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) in a county other than where the person resided or signed the contract sued upon.

Class 2 is: (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past 4 years from commencement of this class action (March 14, 2010, through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) based on a Nebraska residential lease; (iv) which lawsuit sought the collection of attorney fees from the consumer.

3.    The foregoing are the "Settlement Classes," and its members are "Class Members."

4.      The parties do not dispute, and the Court finds, that there are a sufficient number of Class Members to satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).

5.      There are questions of law and fact common to all Class Members.  Such questions include, but are not necessarily limited to, the following:

> Whether underlying collection actions were commenced in a venue other than as set forth in the Fair Debt Collection Practices Act, and whether Defendants sought attorneys' fees in connection with underlying collection actions arising from a residential lease.

6.      Plaintiff's claims are typical of the claims of the members of the Settlement Classes.  Plaintiff is a member of the Settlement Classes (Class 1 and 2) and alleges that the same conduct of Defendants applies to him as well as the other members of the Settlement Classes.  Plaintiff's claims are not in conflict with, nor antagonistic to, the claims of the Settlement Classes as a whole.  The claims of Plaintiff and other members of the Settlement Classes are based upon corresponding theories.

7.      Plaintiff, as Class Representative, and Class Counsel can fairly and adequately represent the interest of the Settlement Classes.

8.      Questions of law and fact common to all members of the Settlement Classes predominate over any questions affecting only individual members for settlement purposes. A class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

9.      If for any reason the Agreement ultimately does not become effective, Defendants' conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated;

the parties shall return to their respective positions in this lawsuit as those positions existed immediately before July 30, 2014, and nothing stated in the Agreement and in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action or proceeding of any kind.

10.    Having reviewed the proposed Notice of Proposed Class Action Settlement (Filing No. 29-3), the Court hereby approves such Notice and directs that Defendants cause the Notice to be delivered to Class Members by First Class Mail, based on address information gathered from business records of Defendants, and subsequent search of each name and address in the National Change of Address database.

11.    The Court finds and determines that notice by First Class Mail given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances taking into account the nature of the claims and facts presented; that it constitutes due and sufficient notice of the Proposed Settlement and the matters set forth in said notice to all persons entitled to receive notice; and that it fully satisfies the requirements of due process and of Fed. R. Civ. P. 23. The court approves First Class, Inc., of Chicago, Ill as class administrator herein.

12.    Any Class Member who desires to receive a settlement check, or who desires to request exclusion from the Settlement Class, must file a written Claim or a written Statement of Exclusion in the form and manner required by the Notice of Settlement.  Claims must be submitted by mailing them to the NAS Class Settlement Administrator as the address below by the deadline set forth

4

in the notice.    Statements of Exclusion must be addressed to the NAS Class Settlement Administrator at the following address:

> NAS Settlement Class Administrator
> c/o First Class, Inc.
> 5410 W Roosevelt Rd, Ste 222
> Chicago, IL 60644-1490

13.    A hearing will be held before the Honorable Judge Laurie Smith Camp, United States District Court, Omaha, Nebraska at 9:00 a.m. on December 16, 2014 ("Final Settlement Hearing"), to determine: (a) whether the Proposed Settlement set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a final judgment should be entered dismissing the claims of Plaintiff and the Class Members with prejudice and on the merits, as required by the Agreement; (c) whether to approve, with or without modification, the Class Representative's application for an award of Class Representative's fee and of attorney's fees, costs, expenses, and disbursements of Plaintiff's Counsel ("Fee Petition") and (d) whether to approve the *cy pres* award requested by the parties.    The Final Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

14.    Within 45 days of the entry of this Order, Defendants shall cause a declaration to be filed with the Court certifying that notice has been mailed by regular United States mail  to the Settlement Class, as directed in this Order.

15.    Any Class Member who wishes to object to the Proposed Settlement, or to appear at the Final Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the

Settlement Classes, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Settlement. Such written objections must be addressed to the Court Administrator; must be filed with, and received by, the Court Administrator no later than the deadline set forth in the Notice of Settlement; must contain the objector's full name, telephone number, and current address; must declare that the objector is a member of Class 1 or Class 2 or both; and must provide a detailed statement of the objector's specific objections to any matter before the Court and the grounds therefore.  Copies of all materials also must be filed with the Clerk of Court and served upon the NAS Class Settlement Administrator on or before the deadline set forth in the Notice of Settlement, at the following addresses:

> Clerk of Court
> Roman L. Hruska Federal Courthouse
> 111 South 18th Plaza
> Suite 1152
> Omaha, NE  68102
>
> NAS Settlement Administrator- Objection
> c/o First Class, Inc.
> 5410 W Roosevelt Rd, Ste 222
> Chicago, IL 60644-1490

Pursuant to  NECivR 23.1 (b), all notices to class members specifically state "that all documents sent to the court by any class member, including any letter or document expressing the member's desire to be excluded from the class  and any objection to a proposed settlement, voluntary dismissal, or compromise, are filed electronically by the clerk  and therefore will be available for public review."

6

16.     No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of a Class Representative fee or of attorneys' fees, costs, expenses, and disbursements to Plaintiff's Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date required herein and by the Notice of Settlement.  Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

17.     Pursuant to Rule 23(c)(2)(B)(iv) any Class Member may enter an appearance through an attorney if the member so desires. From the date of entry of this Order until the Court holds the Final Settlement Hearing and determines the matters set forth in paragraph 7 of this Order, all Class Members (except those who have served a timely Statement of Exclusion) shall be barred from asserting against the Released Parties any claims for which a Release and Covenant Not to Sue will be given, consistent with paragraph 8 of the Agreement, if the Court approves the Proposed Settlement.

18.     Upon the entry of final judgment after the Final Settlement Hearing, Plaintiff and all Class Members (except those who have served a timely Statement of Exclusion) shall be forever barred from asserting against Released Parties any claims that are being released in accordance with paragraph 8 of the Agreement, and Plaintiff and all Class Members shall be conclusively deemed to have released any and all such claims.

7

19.     Following the entry of final judgment after the Final Settlement Hearing, and upon the date that the settlement becomes Final and Effective within the meaning of those terms in the Agreement, which will occur after the date upon which the judgment in this action becomes not subject to further appeal or review, only Class Members who have submitted timely and complete claims pursuant to the Agreement and the Notice of Settlement, and who have not requested exclusion, shall be entitled to a Settlement Payment as described in paragraph 5 of the Agreement.

20.     The parties entered into the Agreement solely for the purpose of compromising and settling disputed claims.  Defendants have at all times denied, and continue to deny, any allegation of wrongful act or omission alleged by Plaintiff in this Action and any liability of any sort to Plaintiff or any member of the Settlement Classes. Nothing contained in the Agreement, in any document relating to the Agreement, or in this Order shall be construed, deemed or offered as an admission by Plaintiff or Defendants, or by any member of the Settlement Classes, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

21.     The parties will take all reasonable steps necessary to complete this settlement.

22.     The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Settlement Hearing or at any hearing thereafter.

23.     The Findings and Recommendation (Filing No. 31) are adopted in their entirety.

8

24.    Plaintiff's Unopposed Motion for Certification of Settlement Class and Approval of Settlement and Notice to Class (Filing No. 27) is granted.


Dated this 29th day of August, 2014.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge