IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KORY MAZUR, on behalf of himself and all others similarly situated;<br><br>                        Plaintiff,<br><br>      vs.<br><br>NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC, THOMAS C. UNDERWOOD, and MARK KOTTKE,<br><br>                      Defendants. | 8:14CV84<br><br>ORDER AND JUDGMENT |

This matter is before the Court on Plaintiff Kory Mazur's ("Plaintiff" or "Class Representative") Unopposed Motion for Final Approval of Class Action Settlement (Filing No. 34) and Unopposed Motion for Approval of Plaintiff's Incentive Award and Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 36). For the reasons stated below, Plaintiff's motions will be approved.

## BACKGROUND

On March 14, 2014, Plaintiff filed the above-captioned class action lawsuit ("Lawsuit"), against Defendants National Account Systems of Omaha, LLC, ("NAS") Thomas Underwood, and Mark Kottke ("Defendants"). Plaintiff asserted class claims under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, et seq., and the Nebraska Consumer Protection Act (the "NCPA"), Neb. Rev. Stat. §59-1601, et seq.

Defendants deny any and all liability alleged in the Lawsuit.

On or about July 29, 2014, after extensive arms-length negotiations, Plaintiff and Defendants (when referred to jointly, the "Parties") entered into a Class Action

Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On July 30, 2014, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). On August 19, 2014, Magistrate Gossett issued his Findings and Recommendation (Filing No. 31), recommending preliminary approval of the class settlement herein be granted. On or about August 29, 2014, the Court entered a Memorandum and Order (Filing No. 32), certifying the settlement class granting preliminary approval of the settlement, directing that notice be given to class members and setting a hearing date for final approval. *Mazur v. Nat'l Account Systems of Omaha, LLC*, 2014 WL 4264798 (D. Neb., Aug. 29, 2014).

Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff as the Class Representative; (iv) appointed William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, Ltd. as Class Counsel; and (v) set the date and time of the Fairness Hearing.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (and more than 90 days in advance of the Fairness Hearing), on July 31, 2014, and subsequently on September 9, 2014 (after learning that certain class members had moved to other states), counsel for the Defendants served written notice of the

proposed class settlement on the appropriate federal and state officials. No objections were made by any of these officials. (*See* Filing No. 38-12.)

On November 17, 2014, the Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On December 3, 2014, Bailey Hughes of First Class, Inc., the class administrator provided her Supplemental Affidavit that as of December 2, 2014, First Class, Inc. received three (3) additional claim forms, which were postmarked after the cutoff date of November 14, 2014.

As of December 2, 2014, the class administrator received one (1) timely claim form, which is missing information and has been presented to Counsel for review.

As of December 2, 2014, one hundred and twenty-six (126) valid claim forms have been received, which were postmarked on or before the cutoff date of November 14, 2014. Of those, twenty-eight (28) were members of Class 1, ninety-three (93) were members of Class 2, and five (5) are in both classes.

On November 17, 2014, the Plaintiff filed his Unopposed Motion for Approval of Plaintiff's Incentive Award and Damages and Plaintiff's Attorneys' Fees and Costs (Filing No. 36). At the time the Preliminary Approval paperwork was filed, the parties had not yet worked out a proposal regarding Plaintiff's attorney fees. Shortly thereafter, the parties agreed that Defendants will pay reasonable attorney fees and costs and will not oppose a Motion for fees and costs up to $27,522.50, the amount Plaintiff requests in this case. On December 16, 2014, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair,

3

reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record. Accordingly,

**IT IS ORDERED:**

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "Class Members") with respect to the claims asserted in the Lawsuit:

> <u>Class 1</u> includes: (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past four (4) years from commencement of this class action (March 14, 2010 through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) in a county other than where the person resided or signed the contract sued upon.

> <u>Class 2</u> includes: (i) all persons against whom NAS represented by Mr. Underwood filed a lawsuit within the past four (4) years from commencement of this class action (March 14, 2010 through March 14, 2014); (ii) in an attempt to collect an alleged debt incurred primarily for personal, family or household purposes; (iii) based on a Nebraska residential lease; (iv) which lawsuit sought the collection of attorney fees from the consumer.

The Defendants represent that there are 1,124 Class Members.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kory Mazur as the Class Representative and William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, Ltd. as Class Counsel.

5. <u>NOTICES</u> – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notices were clearly designed to advise the Class Members of their rights.

6. <u>FINAL CLASS CERTIFICATION</u> – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
   B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;
   C. The claims of the Plaintiff are typical of the claims of the Class Members;
   D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

  7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

  8. <u>SETTLEMENT TERMS</u> – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The Parties are hereby directed to perform the terms of the Agreement.  Plaintiff Kory Mazur is awarded $6,000.00 as statutory damages and for his services as the class representative.  The two Classes are awarded $34,000.00 as actual and statutory damages.  Any undistributed amounts are awarded as a *cy pres* remedy to the Legal Aid of Nebraska for use in consumer representation and/or consumer education.

  9. <u>OBJECTIONS AND EXCLUSIONS</u> – The Class Members were given an opportunity to object to the settlement.  No Class Member objected to

the settlement. No members of the Class have made valid and timely requests for exclusion.

10. This order is binding on all Class Members as no Class Member validly and timely excluded themselves from the class.

11. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. The Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

12. This order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

13. The names of the persons opting out are as follows: NONE

14. The three (3) additional claims received by the class administrator on or before December 2, 2014, but postmarked after November 14, 2014, are included in the class and shall receive a share of the settlement proceeds. Further, the claim received timely but lacking certain information shall be included and receive a share of the settlement proceeds. The total class having submitted approved claim forms and eligible to receive a share is one hundred and thirty (130). As such, and as provided by the Agreement, the one hundred and twenty-five (125) members of either Class 1 or Class 2 who submitted claims received by the class administrator as of December 2, 2014 shall be sent checks

in the amount of $251.85, and the five (5) members of both classes who submitted claims received by the class administrator as of December 2, 2014 shall be sent checks in the amount of $503.70.  No further payments will be due to any class members, regardless of whether any claims are received after December 2, 2014.

15. Plaintiff's attorney fees are awarded in the amount of $27,049.75 and costs are awarded in the total amount of $472.75 for a combined total of $27,522.50.

16. The Clerk of the Court is directed to terminate this case for statistical purposes.  Any party wishing to reopen the case should file a motion.

Dated this 16th day of December, 2014

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge